HIRSCHBERG, P. J., WOODWARD, BURR and RICH, JJ., concurred.

Judgment of the Municipal Court reversed and new trial ordered, costs to abide the event.

———————

AUGUSTUS D. KELSEY and Others, Appellants, *v.* HENRY DISTLER and WILLIAM VAN INWEGEN, Respondents, Impleaded with ALFRED HODGES.

Second Department, November 18, 1910.

Contract — agreement by agent to transfer agency — agreement subject to approval by principal — equity — specific performance of agreement to sell agency — pleading — complaint stating cause of action.

A contract whereby an agent agrees to assign his agency to a third party does not bind him absolutely to obtain the agency for the assignee, for the principal has the right to select his own agent and may refuse to employ the assignee.

Assuming that a court of equity may compel the specific performance of the
contract of an agent to transfer his agency to a third party, its decree can go
no farther than to compel the agent to endeavor in good faith to secure the
agency for the promisee; it cannot direct the principal to employ the assignee
as agent.

A court of equity will not decree specific performance where it cannot enforce
its decree, but will leave the plaintiff to his remedy at law.

A complaint in a suit in equity to compel the specific performance of a contract
whereby an agent agreed to transfer his agency to the plaintiff, which alleges
that the principal is willing to substitute the plaintiff as an agent and that,
although the defendant has transferred his agency to third parties who have
been accepted as agents by the principal, the transaction was a mere sham or
pretense in that the defendant is still the real agent while his assignees are
acting for him, states a cause of action in equity against the promisor and his
assignees.

APPEAL by the plaintiffs, Augustus D. Kelsey and others, from
an interlocutory judgment of the Supreme Court in favor of the
defendants Distler and Van Inwegen, entered in the office of the
clerk of the county of Kings on the 18th day of February, 1910,
upon the decision of the court, rendered after a trial at the Kings
County Special Term, sustaining the said defendants' demurrer to
the amended complaint.

*F. De Lysle Smith,* for the appellants.

*Edward M. Shepard* [*Alexander B. Siegel* and *Henry Gilsey, Jr.,*
with him on the brief], for the respondents.

CARR, J.:

This is an appeal from an interlocutory judgment sustaining a
demurrer to an amended complaint. The original complaint was
likewise demurred to, and the demurrer sustained by the Special
Term, whose decision was affirmed by this court on the opinion of
the trial court. (*Kelsey* v. *Distler,* 133 App. Div. 916.) The ques-
tion involved in this appeal is whether the complaint as amended
states a cause of action against the defendants Distler and Van
Inwegen, who again demur, the defendant Hodges having answered.
The amended complaint is somewhat voluminous, but its salient facts
may be stated briefly. The defendant Hodges was the local agent in
the borough of Brooklyn of several fire insurance companies. He
received applications for insurance from his clients and submitted
them to his principals. If the insurance was accepted, he received

Second Department, November, 1910. [Vol. 141.

from his companies a commission on the premiums paid on the policies issued. Whether these agencies of Hodges were exclusive for the borough of Brooklyn does not appear. He entered into an agreement to sell and transfer these agencies to the plaintiffs for the sum of $7,500, and to deliver to them all his maps, papers and supplies relating to them. To carry out this scheme of sale, it was necessary, of course, that the fire insurance companies, of which Hodges was the agent, should accept the plaintiffs as their local agents instead of Hodges, and this was done temporarily, and certificates of such agencies were issued by the respective companies to the plaintiffs. Subsequently, and before the time agreed upon between the plaintiffs and Hodges for the completion of the transaction of sale, these fire insurance companies withdrew their certificates of agency which had been issued to the plaintiffs, and reinstated Hodges as their local agent. When the time came for Hodges to perform his agreement with the plaintiffs, he refused to perform, although the plaintiffs tendered to him the price agreed upon. Thereafter he appears to have transferred these agencies, so far as he could do so, to the defendants Distler and Van Inwegen, who were then, and had been for many years, his clerks. The fire insurance companies in question then accepted Distler and Van Inwegen as their local agents in place of Hodges, and the business went on in the name and under the apparent control of these former clerks. The amended complaint alleges that this subsequent transaction between Hodges and these other defendants was but nominal, and that Hodges is still the real party carrying on the business, and that the defendants Distler *et al.* are but employees of Hodges, receiving compensation either by regular wages or on a percentage basis. The amended complaint demands judgment against all the defendants for a specific performance of the agreement made by Hodges, together with an accounting by the defendants of all the business done under these agencies since the date on which the original agreement should have been performed. In support of this claim it is alleged that Hodges was induced by the other defendants to break his agreement with the plaintiffs in order that they might profit by the breach, and this conduct is alleged in general language to have been fraudulent as to the plaintiffs, though there is no specification of the alleged fraud. It is further alleged in general language that these

defendants by fraudulent representations or concealments procured the respective fire insurance companies to withdraw the certificates of agency which had been issued to the plaintiffs as above described; and again there is no specification of the alleged fraud. While the remedy of specific performance and an accounting is sought the complaint demands also, as an alternative remedy, damages against all the defendants for the breach of the contract by Hodges. The amended complaint is quite like the original complaint, except in several particulars. In the original complaint the allegation as to the transaction between Hodges and the demurring defendants was that of an absolute sale or transfer, while in the amended complaint this transaction is set forth as a sham or pretense, and that Hodges is still the true owner of the business. The original complaint failed to allege that at the time of the breach by Hodges the fire insurance companies in question were, and that they now are, willing to accept the plaintiffs as their agents. This defect was pointed out in the opinion of the learned Special Term on the first demurrer. However, there is an attempt to remedy this defect in the amended complaint by an allegation of such past and present willingness on the part of these third parties. Neither in the original nor in the amended complaint is there any allegation that the agencies which Hodges undertook to transfer were irrevocable as between the agent and the insurance companies. On the demurrer to the original complaint the court had before it, as a pleaded exhibit, the written contract between the plaintiffs and Hodges. The terms of this contract are not pleaded in the amended complaint, but only its claimed legal effect. But this claimed legal effect is no greater than what the court on the first demurrer spelled out of the contract before it, as follows: " His [Hodges'] agreement with the plaintiff was in effect: *First*, to procure for the plaintiff, from the companies, authority to represent them; *second*, to refrain from acting as their agent himself, and *third*, to turn over to them in connection with that authority the records of business already done by him under his agency." It is needless to say that this contract did not bind Hodges absolutely to obtain for the plaintiffs the agencies in question, for as the principals had a right to select their own agents, they might have

refused, and there would have been no actionable breach by Hodges. Again, they might, on the request of Hodges, have selected the plaintiffs as their agents, and then have revoked subsequently such agencies, and in turn again select whomsoever they pleased, including these demurring defendants. Assuming that the contract between the plaintiffs and Hodges is enforcible in equity specifically, the decree of the court could go no further than to compel Hodges to endeavor in good faith to secure these agencies for the plaintiffs, for assuredly it could not direct these companies to accept and retain the plaintiffs as agents. There can be no decree of specific performance against the demurring defendants unless there could be one against Hodges. If Hodges can be compelled to try to secure the agencies for the plaintiffs, a cause of action is stated against the defendants only on the allegations of the complaint that they are but the nominal owners of the business, and that Hodges is still the true owner. The substantial part of the contract sought to be enforced is the securing of the agencies, not the turning over of maps, etc., which, while important, is merely incidental and auxiliary. The most that the court could do would be to direct Hodges to make an honest effort to secure these agencies for the plaintiffs. It is well settled that courts of equity will not decree specific performance where they are unable to enforce their decrees, for they will not risk their dignity and usefulness in apparently vain and futile performances. Under such circumstances, they will leave the plaintiffs to seek their remedy at law for a breach of the contract. However, it is alleged in the amended complaint that the insurance companies in question were at the breach of the contract, and now are, willing to substitute the plaintiffs as their local agents instead of Hodges, and this allegation must be assumed to be true for the purposes of this argument. Likewise it is alleged that the demurring defendants are simply acting as agents and running the business, not as real owners thereof, but as a cloak for Hodges, and this must likewise be assumed to be true for the purposes of this argument. Therefore, the primary relief these plaintiffs seek as against Hodges can be accomplished apparently by directing Hodges and the demurring defendants, on receipt of the purchase price, to turn over to the plaintiffs the various books and papers described in the contract as connected

with the agencies in question. A decree for such relief may carry with it the incidental remedy of an accounting from the period in which Hodges should have performed, assuming the allegations of the complaint as established. If this amended complaint had set forth, as did the original complaint, that these demurring defendants had bought the business from Hodges on their own account, and held the agencies in question accordingly, and not as cloaks for Hodges, then there would be no reason why there should now be any different disposition of the demurrer. The change of allegations in the two complaints has presented a different question of law, and we are of opinion that the amended complaint sets forth a cause of action in equity as against all the defendants.

The interlocutory judgment should be reversed, with costs of this appeal, and the demurrer overruled, with leave to the defendants to answer on payment of thirty dollars costs within twenty days.

Woodward, Jenks, Burr and Thomas, JJ., concurred.

Interlocutory judgment reversed, with costs of this appeal, and demurrer overruled, with leave to the defendants to answer on payment of thirty dollars costs within twenty days.

------

John J. McCrum, Respondent, *v.* Agnes McCrum, Respondent, Impleaded with Louisine W. Havemeyer, Widow of Henry O. Havemeyer, Individually and as Executrix and Trustee under the Last Will and Testament of Henry O. Havemeyer, Deceased, and Others, Appellants.

Second Department, November 18, 1910.

Will — rights of afterborn children — failure of pregnant woman to provide for child — will disposing of real estate only — partition — adjustment of rights of parties.

A child born after the execution of a will and not mentioned therein or provided for by a settlement is entitled to succeed to a portion of his mother's estate under section 26 of the Decedent Estate Law, although an intention to disinherit the child may be found from the fact that the mother, being pregnant, executed the will within a few days of her delivery.