MATTHEW J. BENVENUTO, Appellant, *v.* MARIO RODRIGUEZ, Respondent.

First Department, December 4, 1951.

*Samuel Kaufman* of counsel (*Herbert Strauss,* attorney), for appellant.

*Louis V. Rivera* of counsel (*Meyer Alterman,* attorney), for respondent.

GLENNON, J. Plaintiff has appealed from a judgment entered upon an order granting defendant's motion under rule 106 of the Rules of Civil Practice to dismiss the complaint on the ground that it fails to state facts sufficient to constitute a cause of action.

The action is for specific performance of a written contract annexed to the complaint, whereby plaintiff agreed to purchase and defendant agreed to sell an automatic laundry business on terms and conditions therein set forth. The complaint alleges the making of the contract; payment of $3,000 in escrow as required by the agreement; plaintiff's appearance on the date set for closing fully prepared to consummate the transaction; and defendant's refusal to perform.

The motion to dismiss the complaint is predicated upon a provision of the contract which according to defendant precludes the maintenance of the action. The portion of the agreement relied upon is found in paragraph " 2 " which states: " 2. It is further understood that in the event that this sale is not completed because of the misrepresentation of the Seller with reference to creditors or for any other reason, the deposit is to be returned by Irving Smith to the Purchaser and there is to be no further claim by either party against the other."

Defendant construes the quoted provisions of the agreement to mean that if the sale is not consummated for any reason

whatsoever, no matter who is at fault, the escrow deposit is to be returned and neither party is to have any claim against the other. Such a construction is necessarily based on the words "or for any other reason." Considered out of context and without regard to the other provisions of the contract, the language used would seem to support the construction urged.

However, the well-settled rules of construction require the giving of due consideration to all parts of a contract to the end that the particular covenant involved be so construed, when possible, as to give effect and meaning to every word and expression contained in the agreement. Particular terms and expressions are to be considered in their context and in the light of the intention of the parties as manifested by the agreement as a whole (*Atwater & Co.* v. *Panama R. R. Co.*, 246 N. Y. 519; *Dady* v. *O'Rourke*, 172 N. Y. 447, 452; *Miller* v. *Hannibal & St. Joseph R. R. Co.*, 90 N. Y. 430).

When we apply these rules of construction to the problem before us, we find that the provision in question becomes susceptible to quite a different interpretation than the one thus far successfully urged which completely ignores the other provisions of the contract and gives them no meaning or effect.

In paragraph "5" of the agreement, the purchaser is given the option to cancel the contract and obtain the return of his deposit if, before the date set for closing, he ascertains that the gross weekly business is not as represented by the seller. Another cancellation option is granted by the provisions of paragraph "8" which may be exercised in the event a license for the operation of an automatic laundry at the premises designated is not obtained. If, as defendant contends, paragraph "2" gives either party the right to abandon the contract at any time prior to its consummation, then paragraphs "5" and "8" are meaningless and merely represent so much excess verbiage. Yet the parties considered them of sufficient importance to include them in the contract.

The wording of the provisions of the agreement and the fact that the attorney for one of the parties is named escrowee indicates that they were represented by attorneys, at least in the preparation and execution of the contract, if not in the negotiations which led up to it. Ordinarily, businessmen do not go to such trouble and expense in order to reduce to contract form an understanding, that at some date in the future they will consummate a deal on certain terms, if at that time both are still of the mind to do so. A writing of such character is binding on no one. It is nothing more than a memorandum of the terms

on which one party might be willing to sell his property and the other party might be willing to buy it. It is an indefinite and meaningless writing which accomplishes nothing. The construction contended for by defendant stamps the contract in suit as such a writing. He gives no consideration to the presumption that a contract negotiated during the course of business is intended to achieve something definite and concrete. As was said by CARDOZO, Ch. J., in *Outlet Embroidery Co.* v. *Derwent Mills* (254 N. Y. 179, 183): " In the transactions of business life, sanity of end and aim is at least a presumption, albeit subject to be rebutted. The defendant like the plaintiff supposed that in signing these documents it was doing something understood to be significant and serious."

That the parties here intended to enter into a binding contract is evidenced by the initialling of the lease, the requirement for an escrow deposit, and the several cancellation clauses as well as the other provisions. When we consider paragraph " 2 " as part of the entire agreement, it may reasonably be interpreted to mean that if the sale is not completed because of the seller's misrepresentations as to creditors or any other reason included in the agreement as grounds for canceling the agreement, no liability is to result. It is to be noted that two schedules are annexed to the contract. In one, there is listed the creditors and the amounts due them. The other sets forth the fixtures, equipment and stock on hand, together with their values. A misrepresentation as to one or more of the items in the second schedule would be a reason justifying the abandonment of the contract. Such a construction also gives meaning and effect to paragraphs " 5 " and " 8 " and is consistent with the balance of the contract and the manifest intention to enter into a binding agreement. It may well be that the parties did intend that each should have the unqualified right to abandon the contract at any time before the actual closing but such an intention is not so clearly evident as to warrant a dismissal of the complaint. If there was such an intention, it is to be established upon a trial of the issues.

The case of *Heller & Henretig, Inc.,* v. *3620–168th St.* (302 N. Y. 326) is distinguishable. In that case, by clear and unambiguous language, the parties indicated an intention to absolve the seller from the obligation to pay brokerage commissions if a contract did not materialize because of the seller's willful default. The interpretation placed upon the provisions involved did not conflict with any other provisions of the contract and was consistent with the manifest intention of the parties. The only similarity

between that case and the one at bar is that in the *Heller* case the contract contained the words " for any reason whatsoever ", and in this case the contract contains the words " or for any other reason." That limited similarity does not compel a similar result. The words referred to are not words of magic which permit the breach with impunity of any contract in which they appear. Their meaning in each case is to be determined by the context in which they appear and the meaning they were intended to have as manifested by the contract as a whole.

Accordingly, the judgment and order appealed from should be reversed, with costs to the appellant, and the motion to dismiss the complaint denied, with costs.

PECK, P. J., COHN, CALLAHAN and SHIENTAG, JJ., concur.

Judgment and order unanimously reversed, with costs to the appellant, and the motion to dismiss the complaint denied, with costs. [See *post,* p. 777.]