George Bidwell, Respondent, *v.* Morell R. Long, Appellant.

*Michael Lo Pinto* for appellant.

*Lusk, Folmer, Ryan & Fenstermacher* (*Theodore Fenstermacher* of counsel), for respondent.

Gibson, J. The defendant appeals from interlocutory and final judgments which granted plaintiff specific performance of an agreement for the sale by defendant to plaintiff of a bakery route business, including an exclusive franchise for the distribution of Pepperidge Farm bread, and awarded damages of $700, creditable against the purchase price, representing depreciation (dur-

ing the period of defendant's delay in performance) in the value of a truck included in the sale; and plaintiff cross appeals on the ground of the inadequacy of the damages awarded on account of delay in performance, contending that damages should be awarded for loss of profits and for certain out-of-pocket expenses incurred by him.

Negotiations between plaintiff and defendant, over a period of weeks, terminated in an oral agreement and this was followed by a memorandum signed by defendant, agreeing unreservedly to sell and acknowledging a down payment. Defendant very shortly advised plaintiff that he would not go through with the sale.

The franchise agreement between Pepperidge and defendant was the prime consideration of the proposed sale. It provided that the franchise might be sold, with the written approval of Pepperidge which would not withhold approval of a sale to a purchaser meeting Pepperidge's "requirements * * * as to character, ability, financial responsibility and adequacy of facilities"; and further provided that a sale "without such written approval shall be void".

So far as appears, written approval by Pepperidge was never sought but that it would be forthcoming seems to have been assumed, its representative attending and aiding the negotiations and eventually stating, according to plaintiff, that the company found plaintiff acceptable and that he would be present at the time the parties had agreed upon and "close the deal and make out the contract for the franchise".

The provision in the franchise agreement voiding any sale of the franchise made without the written approval of Pepperidge was for the benefit of Pepperidge and affords no defense to this action (*Fortunato* v. *Patten,* 147 N. Y. 277, 281; Restatement, Contracts, vol. 1, § 176); and defendant was not thereby barred from contracting with plaintiff as he did, even though Pepperidge was under no more than a limited obligation to give its assent (1 Corbin, Contracts, p. 477). Although the question is not directly before us, it seems fair to say that under the franchise agreement Pepperidge, at the very least, was bound to entertain an application by defendant for approval of the sale and was not free to withhold approval capriciously or arbitrarily. Whether, as the trial court held, the contract of sale be considered as implying, under section 94 of the Personal Property Law, defendant's warranty that he would have a right to sell when the time for performance should arrive, or whether it be regarded only as inferring an undertaking on defendant's part to proceed, in good faith, to exert his best efforts to obtain

Pepperidge's approval (*Kelsey* v. *Distler*, 141 App. Div. 78, 82; and see *Monclova* v. *Arnett*, 3 N Y 2d 33, 36, and *Watson Bros. Transp. Co.* v. *Jaffa*, 143 F. 2d 340, 347) is not, in this case, particularly important, as defendant failed to perform the obligation chargeable under either theory but instead repudiated the agreement by informing plaintiff " that he was backing out of the deal ", as the trial court was entitled to and did find.

Specific performance was a proper remedy (5 Williston, Contracts [rev. ed.], § 1422, p. 3975, and cases cited at n. 12) and has been granted in similar cases. (See, e.g., *Frankel* v. *Tremont Norman Motors Corp.*, 8 N Y 2d 901 [sale of automobile agency]; *Benvenuto* v. *Rodriguez*, 279 App. Div. 162 [automatic laundry business]; *Garber* v. *Siegel*, 274 App. Div. 1068 [carbonated beverage route and business]; and cf. *Kelsey* v. *Distler*, 141 App. Div. 78, *supra* [insurance agency].)

The trial court properly allowed the equivalent of one year's depreciation of the business truck, in accordance with defendant's computation for tax purposes, as a " reduction in the purchase price of the bakery route business as a result of defendant's retention and use of the truck, for a year beyond the agreed date of sale." We are unable to disturb the trial court's finding that plaintiff did not sustain the burden of proving loss of profits for the period of delay, failing to establish that profits exceeded the amount of $7,125 stipulated to be credited to defendant as the value of his services in the operation of the business for that period.

The allowances under sections 1512 and 1513 of the Civil Practice Act do not seem to us to have been warranted (and cf. *Smith* v. *Rector etc. of St. Philip's Church*, 107 N. Y. 610; *Croce* v. *Fischer*, 1 A D 2d 834).

The judgments should be modified by striking therefrom the award of additional allowances aggregating $550, and, as so modified, affirmed, with costs to respondent.

Bergan, P. J., Herlihy, Reynolds and Taylor, JJ., concur.

Judgments modified by striking therefrom the award of additional allowances aggregating $550, and, as so modified, affirmed, with costs to respondent.