■ Fortis Financial Services, LLC, as Successor in Interest to Generale Bank, Formerly Known as Societe Generale de Banque S.A.-Generale Bankmaatschappij, N.V., Appellant, v Fimat Futures USA, Inc., Also Known as Fimat USA, Inc., Respondent. [737 NYS2d 40] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered December 13, 2000, which granted defendant's motion pursuant to CPLR 3211 (a) (1) to dismiss the complaint, unanimously reversed to the extent appealed from, as limited by the briefs, on the law, without costs, the motion denied and the first cause of action reinstated.

On a motion to dismiss pursuant to CPLR 3211 (a) (1), the defendant has the burden of showing that the relied-upon documentary evidence "resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim" (*Scadura v Robillard,* 256 AD2d 567, 567). The contractual provision relied upon by defendant fails to establish as a matter of law that defendant, as subtenant, had no contractual liability for *any* of the $994,140 paid by plaintiff, as prime tenant, to the prime landlord, representing the cost of restoring the subleased premises to their prelease condition.

In interpreting a contract, "[p]articular terms and expressions are to be considered in their context and in the light of the intention of the parties as manifested by the agreement as a whole" (*Benvenuto v Rodriguez,* 279 App Div 162, 164). Initially, the contract as a whole unquestionably imposes upon defendant a restoration obligation. This obligation is not only explicitly set forth in section 9 of the sublease, but, in addition,

is imposed by means of section 4 of the sublease, which imposes upon the subtenant all the obligations of the prime tenant with respect to the subleased premises.

Section 9 of the sublease concerns improvements to the subleased premises. It first provides that the subtenant may not make any alterations to the subleased premises without the consent of sublandlord and the landlord, whose consent shall not be unreasonably withheld, and that "[t]o the extent consistent with the Main Lease, all improvements to the Subleased Premises made by Subtenant * * * shall remain the property of Subtenant, and Subtenant shall, at its sole cost and expense, remove said improvements upon the expiration or earlier termination of this Sublease *and restore the Subleased Premises to their condition prior to the making of said improvements* by Subtenant" (emphasis added).

But it is the final paragraph that contains the provision relied upon by defendant. It reads: "Subtenant shall pay any and all fees or charges Sublandlord or Landlord may incur in connection with Subtenant's making changes, alterations, additions or improvements to the Subleased Premises. *Notwithstanding anything to the contrary contained herein,* on or before the termination of this Sublease, if Landlord requires Sublandlord to restore the premises to their condition prior to the making of any changes, alterations, additions or improvements by Sublandlord and/or Subtenant, Subtenant shall, at its sole cost and expense, promptly *remove* Subtenant's changes, alterations, additions or improvements to the Subleased Premises, including without limitation, Subtenant's Work." Defendant takes the position that by omitting from this last sentence any requirement that it *restore* the premises to presublease condition after *removing* its alterations, the parties relieved defendant from the restoration obligation where the prime landlord required the sublandlord to restore the premises to prelease condition. The motion court adopted defendant's interpretation. We disagree, concluding that the wording of the relied-upon provision fails to clearly establish an intent to permit defendant to avoid its contractual restoration obligation in the event the prime landlord requires that the premises be restored to pre-lease conditions.

Notably, nothing in the language of the final sentence of sublease section 9 explicitly eliminates the subtenant's previously stated obligation to restore; it contains no affirmative statement that subtenant's obligation is *limited to* removing its alterations. Indeed, as plaintiff points out, the sentence can just as easily be interpreted to impose an *additional* obligation

upon the subtenant, to remove its alterations even *before* the sublease expires or is terminated. Moreover, the interpretation pressed by defendant requires acceptance of the implicit assumption that the prelease condition of the premises in 1984 was different from its pre-sublease condition in 1991, an assumption contradicted by the facts alleged in the complaint.

In view of the foregoing, the motion court erred in dismissing plaintiff's breach of contract claim under CPLR 3211 (a) (1) based solely upon its interpretations of the final sentence of sublease section 9. Accordingly, the prime tenant must be permitted to prosecute its breach of contract claim against the subtenant. Concur—Nardelli, J.P., Williams, Saxe, Wallach and Friedman, JJ.