■ Renaissance Housing Development Fund Corporation, Appellant, v Phoenix Construction, Inc., Now Known

as PHOENIX BUILDING RESTORER INC., Defendant, and CENTRAL HARLEM PARTNERSHIP PLAZA, LLC, et al., Respondents. [25 NYS3d 866]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered October 31, 2014, which, to the extent appealed from as limited by the briefs, granted defendants Central Harlem Partnership Plaza, LLC, Suna/Levine Industries, Inc., and J.E. Levine Builders' (the moving defendants) motion to dismiss the breach of contract causes of action as against them, unanimously affirmed, without costs.

The breach of contract causes of action against the moving defendants are based on allegations of breaches by defendant Phoenix Construction, Inc. Plaintiff alleges that the moving defendants breached their contractual obligations to it because the remedial work they retained Phoenix to perform was defective and because they failed to properly supervise Phoenix's work. However, plaintiff's claim to be a third-party beneficiary of the remediation contract is "conclusively dispose[d] of" by the contract's plain terms (*Fortis Fin. Servs. v Fimat Futures USA*, 290 AD2d 383, 383 [1st Dept 2002]). None of the duties that plaintiff claims are owed by the moving defendants can be found in the contract itself. A third-party beneficiary has no greater right to enforce a contract than the contracting parties themselves (*see e.g. Ambac Assur. Corp. v EMC Mtge. LLC*, 39 Misc 3d 1240[A], 2013 NY Slip Op 50954[U], *8 [Sup Ct, NY County 2013], *affd* 121 AD3d 514 [1st Dept 2014]).

The motion court also correctly found that the breach of contract claims against the moving defendants are untimely. Plaintiff is merely attempting to re-characterize its untimely warranty claims arising from the offering plan as timely breach of contract claims stemming from the remediation contract. It is undisputed that the moving defendants raised statute of limitations arguments with respect to plaintiff's warranty claims, even if they did not explicitly raise them with respect to the breach of contract claims. Concur—Friedman, J.P., Sweeny, Saxe and Gische, JJ.