■ 309 Fifth Owners LLC, Appellant, v MEPT 309 Fifth Avenue LLC, Respondent. [65 NYS3d 694]—

Judgment, Supreme Court, New York County (Saliann Scarpulla, J.), entered August 23, 2016, dismissing the complaint, and bringing up for review an order, same court and Justice, entered August 2, 2016, which, inter alia, granted defendant's motion to dismiss the cause of action for breach of contract, unanimously reversed, on the law, with costs, the judgment vacated, and the motion to dismiss the breach of contract cause of action denied.

The parties' contract provides that a certain payment from defendant to plaintiff shall be computed based on "Appraised Value," which means "[t]he gross appraised value of the Property as determined by the most recent appraisal prepared on behalf of Purchaser [i.e., defendant] in the ordinary course of Purchaser's business and accepted by Purchaser as final for purposes of Purchaser's portfolio valuation." The materials submitted by defendant did not "resolve[ ] all factual issues as a matter of law, and conclusively dispose[ ] of the plaintiff's claim" (*Fortis Fin. Servs. v Fimat Futures USA*, 290 AD2d 383, 383 [1st Dept 2002] [internal quotation marks omitted]; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). On the contrary, the documents submitted by defendant showed that the appraisals were *not* prepared on behalf of Purchaser; instead, they were prepared for nonparty NewTower Trust Company as Trustee of nonparty Multi-Employer Property Trust. Similarly, defendant's documents showed that the appraisals were not accepted by it; rather, they were accepted by NewTower on behalf of the Trust. The affidavit submitted by defendant, which does not constitute documentary evidence (*see e.g. Regini v Board of Mgrs. of Loft Space Condominium*, 107 AD3d 496 [1st Dept 2013]), but which can be used to help plaintiff (*see Rovello v Orofino Realty Co.*, 40 NY2d 633, 635-636 [1976]), shows that the Trust is not the same as defendant. It says defendant is a subsidiary of nonparty MEPT Edgemoor LP, which in turn is a subsidiary of the Trust.

Since plaintiff's breach of contract claim is being reinstated, we need not address its arguments about the implied covenant of good faith and fair dealing and leave to replead. Concur—Friedman, J.P., Gische, Webber, Kahn and Singh, JJ. ■