**Cicciu v 411 E. 57th Corp.**

2024 NY Slip Op 34546(U)

December 23, 2024

Supreme Court, New York County

Docket Number: Index No. 655232/2023

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. LYLE E. FRANK**

*Justice*

-------------------------------------------------------------------------------X

ANNE MARIE CICCIU,

Plaintiff,

- v -

411 EAST 57TH CORPORATION, AKAM ASSOCIATES, INC.,LOUIS R MOLINARO

Defendant.

-------------------------------------------------------------------------------X

| PART | 11M |
|---|---|
| INDEX NO. | 655232/2023 |
| MOTION DATE | 12/04/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 19, 20, 21, 22, 23, 24, 25, 26, 27, 28

were read on this motion to/for _____DISMISSAL_____.

Upon the foregoing documents, defendant Louis R. Molinaro's motion to dismiss the complaint is granted.

The instant action arises out of allegations of breach of contract and fraudulent concealment during the sale and closing of shares of a cooperative apartment. Plaintiff contends that defendants concealed a policy requiring a shareholder to replace all the windows in the apartment before renovations can occur.

## *Legal Standard*

It is well-settled that on a motion to dismiss for failure to state a cause of action pursuant to CPLR § 3211(a)(7), the pleading is to be liberally construed, accepting all the facts as alleged in the pleading to be true and giving the plaintiff the benefit of every possible inference. *See Avgush v Town of Yorktown*, 303 AD2d 340 [2d Dept 2003]; *Bernberg v Health Mgmt. Sys.*, 303 AD.2d 348 [2d Dept 2003]. Moreover, the Court must determine whether a cognizable cause of action can be discerned from the complaint rather than properly stated. *Matlin Patterson ATA*

*Holdings LLC v Fed. Express Corp*., 87 AD3d 836, 839 [1st Dept 2011]. "The complaint must contain allegations concerning each of the material elements necessary to sustain recovery under a viable legal theory.'" *Id*.

"In a motion to dismiss pursuant to CPLR 3211 (a) (1), the defendant has the burden of showing that the relied-upon documentary evidence resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim" (*Fortis Fin. Servs., LLC v Fimat Futures USA, Inc.*, 290 AD2d 383, 383 [1st Dept 2002] internal quotations and citations omitted). Further, dismissal pursuant to CPLR § 3211(a)(1) is warranted where documentary evidence "conclusively establishes a defense to the asserted claims as a matter of law." *Gottesman Co. v A.E.W, Inc.*, 190 AD3d 522, 24 [1st Dept 2021].

### *Discussion*

Preliminarily, the Court rejects plaintiff belated attempt at a cross-motion. The purported cross-motion was not properly noticed as a cross-motion and was late, filed on the return date of the instant motion, thus the Court will deem the filed papers only as opposition to the underlying motion, notwithstanding the tardiness of the submission.

Defendant Molinaro has established *prima facie* entitlement to dismissal of the complaint as against it. The complaint fails to indicate what, if any, provision was breached by defendant Molinaro, nor does plaintiff address the disclaimer in the contract that no "representations and covenants" shall survive closing. *See* NYSCEF Doc. 23.

Plaintiff's opposition is insufficient to defeat the instant motion and further emphasizes that the complaint fails to state a cause of action as against defendant Molinari. Although plaintiff contends that an affidavit is submitted to amplify the pleadings, the document filed at NYSCEF 28, is an email and not signed by the plaintiff.

[* 2]

Finally, the Court does find this action to be frivolous, as there are multiple bases for dismissal of this action, which the plaintiff's unsworn submission fails to refute. The Court therefore find that the plaintiff should reimburse the movant for the Court costs of making this motion. Accordingly, it is hereby

ORDERED that the complaint is dismissed in its entirety as against defendant Louis R. Molinaro; and it is further

ORDERED that the action is severed and continued against the remaining defendants; and it is further

ORDERED that the caption be amended to reflect the dismissal and that all future papers filed with the court bear the amended caption; and it is further

ORDERED that counsels for the moving parties shall serve a copy of this order with notice of entry upon the Clerk of the Court (60 Centre Street, Room 141B) and the Clerk of the General Clerk's Office (60 Centre Street, Room 119), who are directed to mark the court's records to reflect the change in the caption herein; and it is further

ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (access*ible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh); and it is further

ORDERED that plaintiff shall reimburse moving defendant Louis R. Molinaro for the Court costs of making this motion not more than 30 days following service of this Order with notice of entry.

[* 3]

20241223115247LFRANKEEED072154264AC5BA79D6CB62A001F3

_____
**12/23/2024**
**DATE**

_____
**LYLE E. FRANK, J.S.C.**

**CHECK ONE:** [ ] CASE DISPOSED [X] NON-FINAL DISPOSITION

[X] GRANTED [ ] DENIED [ ] GRANTED IN PART [ ] OTHER

**APPLICATION:** [ ] SETTLE ORDER [ ] SUBMIT ORDER

**CHECK IF APPROPRIATE:** [ ] INCLUDES TRANSFER/REASSIGN [ ] FIDUCIARY APPOINTMENT [ ] REFERENCE

[* 4]