Mendez v Primitive Christian Church (2026 NY Slip Op 01853)

Mendez v Primitive Christian Church

2026 NY Slip Op 01853

Decided on March 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 26, 2026

Before: Webber, J.P., González, Mendez, O'Neill Levy, Hagler, JJ. 

Index No. 951399/21|Appeal No. 6194|Case No. 2025-00976|

[*1]William Mendez, Respondent,
vThe Primitive Christian Church et al., Defendants, Assemblies of God National Youth Ministries et al., Appellants, Joseph E. Castro, Defendant.

Nelson Madden Black LLP, New York (Barry Black of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Jillian Rosen of counsel), for respondent.

Order, Supreme Court, New York County (Hasa A. Kingo, J.), entered on February 3, 2025, which denied defendants Assemblies of God National Youth Ministries, The General Council of the Assemblies of God (GCAG), and National Royal Rangers Ministries' motion to dismiss the complaint as against them pursuant to CPLR 3211, unanimously affirmed, without costs.
On a CPLR 3211(a)(1) motion to dismiss, a defendant has the "burden of showing that the relied-upon documentary evidence resolves all factual issues as a matter of law and conclusively disposes of the plaintiff's claims" (Fortis Fin. Servs. v Fimat Futures USA, 290 AD2d 383, 383 [1st Dept 2002] [internal quotation marks omitted]). Here, while GCAG's constitution and by-laws are proper documentary evidence for the purposes of a CPLR 3211(a)(1) inquiry, they do not conclusively resolve the issue of whether GCAG is liable. The documentary evidence does not negate the possibility that the Local Church and Joseph E. Castro were supervised and/or controlled in whole or part by GCAG, nor does it refute the potential that GCAG had a special relationship with the Local Church or Castro (see J.D. v Archdiocese of New York, 214 AD3d 561 [1st Dept 2023]; Binn v Muchnick, Golieb & Golieb, P.C., 180 AD3D 598 [1st Dept 2020]; see also Escobar v Segunda Iglesia Pentecostal Juan 3:16 Asamblea de Dios, 232 AD3d 719, 720 [2d Dept 2024], appeal dismissed 43 NY3d 975 [2025]). As for the legal status of Royal Rangers and Youth Ministries, whether unincorporated organizations, non-entities, or something else, the only evidence submitted were generalized statements in affidavits, which do not qualify as documentary evidence for the purpose of a CPLR 3211(a)(1) motion (see Johnson v Asberry, 190 AD3d 491, 492 [1st Dept 2021]; Flowers v 73rd Townhouse LLC, 99 AD3d 431 [1st Dept 2012]). For these same reasons, defendants' argument that there is no personal jurisdiction over them is also unpersuasive (see Escobar, 232 AD3d at 721-722).
The motion court also correctly found that the complaint states a cause of action (see G.T. v Roman Catholic Diocese of Brooklyn, N.Y., 211 AD3d 413 [1st Dept 2022]; see also M.T. v Yeshiva Univ., — AD3d &mdash, 2026 NY Slip Op 00218 [1st Dept 2026]; C.R. v Episcopal Diocese of N.Y., — AD3d &mdash, 2025 NY Slip Op 05144 [1st Dept 2025]; M.O. v Archdiocese of N.Y., 228 AD3d 583, 583-584 [1st Dept 2024]; J.K. v City of New York, 223 AD3d 565 [1st Dept 2024]; Ark 357 Doe v Jesuit Fathers & Bros., 221 AD3d 493 [1st Dept 2023]). Defendants' argument that their First Amendment rights have been violated is also unpersuasive (see John Doe JP v Archdiocese of N. Y., 245 AD3d 416 [1st Dept 2026]; S.B. v Roman Catholic Archdiocese of N.Y., 242 AD3d 404, 405 [1st Dept 2025]; McNierney v Archdiocese of N.Y., 221 AD3d 489, 489-490 [1st Dept 2023]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 26, 2026