■ ANNE HAUSSMANN et al., Respondents, v KENNETH WOLF, Appellant.—Order, Supreme Court, Bronx County (Bertram Katz, J.), entered December 16, 1991, granting plaintiffs' motion to renew and, upon renewal, granting plaintiffs' mo-

tion to amend the bill of particulars, unanimously reversed, on the law and on the facts, without costs or disbursements, and the motion to renew denied.

Six years after the commencement of this medical malpractice action, plaintiffs moved to amend their bill of particulars to assert a claim for failure to prescribe proper medications. The original bill, served almost six years before, and amended bill, served over two and one-half years earlier, had limited plaintiffs' claim, *inter alia,* to a failure to diagnose and properly interpret diagnostic tests, failure to advise on and perform laser therapy and failure to obtain an informed consent. After discovery was completed, and four months after service of the amended bill, a medical mediation panel was convened and considered the matter based on the liability claims set forth in the original bill of particulars, as amended. The panel reached a unanimous finding of "no liability". Over one year later, on the eve of trial, plaintiffs moved to amend the bill of particulars to assert for the first time their new claim, alleging that the failure to include it originally was due to an inadvertent typographical omission. Their motion was supported by a doctor's affidavit. The IAS Court denied the motion, finding, in addition to the obvious prejudice to defendant, that "the excuses profferred by plaintiffs for the lateness of this application strain[ed] the credulity of this Court". The court also found the affidavit of merit to be "conclusory and vague as to the exact nature of the omission complained of." Plaintiffs thereafter moved for renewal and/or reargument, submitting an affidavit by the same doctor and alleging that they did not move earlier to amend because they lacked a "good faith basis" to proceed on the new theory. The court granted renewal and, on renewal, granted the amendment. We reverse.

The IAS Court saw this case correctly in deciding the original application. There is an obvious prejudice to defendant in allowing this amendment at this late date and the application should be seen for what it is, nothing more than a tactical maneuver to avoid the panel finding of no liability. It is no answer to tell defendant, as did the IAS Court, that, although medical malpractice panels have been abolished, nothing would prevent him from using the favorable panel finding as to those claims that predate the amendment and conducting discovery as to the new claim. Nor was there an appropriate excuse for the delay in moving to amend. Quick to take the IAS Court's hint as to the absurdity of their first excuse, plaintiffs concocted a new one, i.e., the lack of a good

faith basis to amend earlier. Whatever the actual reason for the delay, plaintiffs should not be permitted to advance a different excuse after the first one is rejected as inadequate.

In any event, an application for leave to renew must be based upon additional material facts which existed at the time of the original motion but were not then known to the party seeking renewal. *(Klein v Mount Sinai Hosp.,* 121 AD2d 164.) The application must be denied if, by using due diligence at the time of the original motion, the additional facts could have been ascertained. *(Foley v Roche,* 68 AD2d 558, 568.) Measured against this standard, plaintiffs' submission, both the affidavit of merit, which did not set forth any new facts or information not readily available at the time of the original motion, and the excuse for not submitting the additional evidence on the original motion, was insufficient. Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Asch, JJ.