■ BRUCE SCHIRMER et al., Plaintiffs, v ATHENA-LIBERTY LOFTS, LP, Defendant. ATHENA-LIBERTY LOFTS, LP, Third-Party Plaintiff-Respondent, v BURGESS STEEL, LLC, Third-Party Defendant-Respondent-Appellant, et al., Third-Party Defendants. ATHENA-LIBERTY LOFTS, LP, Second Third-Party Plaintiff-Respondent, v HP ELECTRICAL DESIGNS, INC., Second Third-Party Defendant-Appellant. (And Other Actions.) [851 NYS2d 168]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered April 5, 2007, which, in an action for personal injuries sustained by a worker at a construction site, insofar as appealed from as limited by the briefs, denied second third-party defendant lighting contractor's (HP) motion for summary judgment dismissing all cross claims as against it, and granted defendant/third-party plaintiff/second third-party plaintiff site owner's (Lofts) motion for summary judgment on its indemnity claims against HP and third-party defendant steel subcontractor and plaintiff's employer (Burgess) to the extent of finding that the amount Lofts paid in settlement of plaintiff's claim was reasonable, unanimously modified, on the law, to vacate the finding of reasonableness, and otherwise affirmed, without costs.

Plaintiff alleges that he fell into an unprotected hole at the

site; the third-party actions, insofar as pertinent, allege that the accident was caused by inadequate temporary lighting at the site installed by HP; Lofts settled with plaintiff after plaintiff was granted partial summary judgment on the issue of Lofts' liability under Labor Law § 240 (1). Concerning HP's motion, issues of fact as to whether inadequate lighting contributed to the accident are raised by, inter alia, plaintiff's testimony that the lighting conditions were "terrible" and that he did not see the hole when he looked toward it. Concerning the finding of reasonableness, Lofts bore the burden of demonstrating the reasonableness of the settlement amount as against its indemnitors (*see Feuer v Menkes Feuer, Inc.*, 8 AD2d 294, 299-300 [1959], citing, inter alia, *Dunn v Uvalde Asphalt Paving Co.*, 175 NY 214, 218 [1903]; *see also Chase Manhattan Bank v 264 Water St. Assoc.*, 222 AD2d 229, 231 [1995]). This Lofts chose not to do, instead choosing to argue that any challenge to reasonableness was waived by HP and Burgess. Only in its reply did Lofts purport to demonstrate reasonableness, submitting copies of plaintiff's bills of particulars and medical records and reports, and reports of jury verdicts. The motion court, which based its finding of reasonableness on its active involvement in the settlement and unspecified evidence supposedly showing that plaintiff's injuries prevent him from resuming his trade as an iron worker and that "his economic loss alone will be greater than the amount paid" by Lofts, erred in considering a factual argument, and associated materials, first made and submitted by Lofts in its reply (*see Migdol v City of New York*, 291 AD2d 201 [2002]). Nor does Lofts show waiver, a claim based on inaccurate assertions that Burgess and HP were present when the settlement was placed on the record but did not object to it. In fact, HP did object, seeking a stay, and Burgess was not present. Lofts' argument that HP's and Burgess's failure to conduct disclosure concerning damages also constitutes a waiver was improperly raised for the first time in its reply papers. Concur— Tom, J.P., Saxe, Gonzalez, Buckley and Catterson, JJ. [*See* 2007 NY Slip Op 30531(U).]