■ In the Matter of the Estate of SALIM KADDO MOUAWAD, Deceased. CATHIA KADDO MOUAWAD, as Administrator of the Estate of SALIM KADDO MOUAWAD, Deceased, Respondent; FRANCIS KADDO MOUAWAD, Appellant. [876 NYS2d 743]—

Kane, J. Appeal from an order of the Surrogate's Court of Rensselaer County (Hummel, S.), entered January 22, 2008, which denied respondent's motion for reconsideration.

Petitioner, as administrator of decedent's estate, filed a petition to reject respondent's claims filed against the estate. After an April 2006 trial, Surrogate's Court found, among other things, that respondent was not entitled to the return of $15,000 paid to the estate. The court accepted petitioner's testimony that the money was payment for three tow trucks, rejecting respondent's testimony that the money was a down payment on decedent's real property. Respondent testified that the parties signed a contract for the real property, but that he could not find the contract following a 2003 burglary of his garage. In October 2007, respondent filed a motion to renew based upon newly discovered evidence, namely his recent discovery of the written contract. Surrogate's Court denied the motion, prompting this appeal.

Surrogate's Court properly denied respondent's motion. To prevail on a motion to renew, respondent was required to provide newly discovered facts to support his position and a reasonable justification for not previously submitting those facts (*see* CPLR 2221 [e]; *Tibbits v Verizon N.Y., Inc.*, 40 AD3d 1300, 1302-1303 [2007]). Although respondent's garage was burglarized in 2003, he found the contract in the garage in 2007. His failure to search all bags and papers within his own garage in the three years between the burglary and trial evince a lack of due diligence in attempting to produce the contract (*see Martocci*

*v Bowaskie Ice House, LLC*, 31 AD3d 1021, 1022 [2006], *lv dismissed* 7 NY3d 916 [2006], *cert denied* 552 US —, 128 S Ct 277 [2007]; *Cippitelli v County of Schenectady*, 307 AD2d 658 [2003]). As respondent lacked a reasonable justification for his failure to locate the contract by the time of trial, the court did not abuse its discretion by denying the motion to renew (*see Matter of Dyer v Planning Bd. of Town of Schaghticoke*, 251 AD2d 907, 909-910 [1998], *appeal dismissed* 92 NY2d 1026 [1998], *lv dismissed* 93 NY2d 1000 [1999]).

Peters, J.P., Rose, Lahtinen and Stein, JJ., concur. Ordered that the order is affirmed, with costs.