(November 20, 2012)

■ Joseph W. Sullivan, Respondent, v William F. Harnisch et al., Appellants. [954 NYS2d 68]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered July 15, 2011, which granted plaintiff's motion for summary judgment dismissing defendants' first counterclaim, alleging a breach of confidentiality, unanimously affirmed, without costs. Order, same court and Justice, entered December 8, 2011, which, upon defendants' motion to renew and reargue and for leave to amend their answer, directed that the issue of nominal damages on the first counterclaim be heard by a referee, and denied leave to amend, unanimously affirmed, without costs.

In this action, plaintiff asserts claims arising out of the termination of his employment by defendant investment companies. The facts underlying this case are discussed in a decision on a prior appeal (81 AD3d 117 [1st Dept 2010], affd 19 NY3d 259 [2012]).

Defendants' first counterclaim alleges that plaintiff's disclosure of clients' identities in the complaint, and to the media, caused defendants to sustain damages. Plaintiff's motion for summary judgment dismissing this counterclaim was supported by the testimony of representatives of two former clients who were alleged by defendants to have left defendant companies as a result of the disclosure of their identities. This testimony established that the two clients left the defendant companies because of the allegations contained in this action and an action brought by defendants against plaintiff, and the existence of the lawsuits, and not due to the disclosure of the clients' identities. In opposition, defendants failed to establish a triable issue of fact as to the existence of consequential damages resulting from the disclosure of clients' identities, via admissible evidence (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).

The court properly rejected defendant William Harnisch's hearsay testimony concerning the reasons that clients left his companies. While "[h]earsay evidence may be sufficient to demonstrate the existence of a triable fact where it is not the only evidence submitted" (Navedo v 250 Willis Ave. Supermarket,

290 AD2d 246, 247 [1st Dept 2002]), no such additional evidence was submitted here.

The trial court properly denied defendants' motion to renew as to consequential damages, as defendants did not assert additional material facts that existed at the time of the original motion but were unknown to them, and failed to demonstrate a reasonable excuse for not presenting such evidence earlier (*see* CPLR 2221 [e]; *Haussmann v Wolf*, 187 AD2d 371, 373 [1st Dept 1992]). The subsequent retention of an expert is not proper grounds for renewal (*see Mundo v SMS Hasenclever Maschinenfabrik*, 224 AD2d 343, 344 [1st Dept 1996], *lv dismissed in part, denied in part* 88 NY2d 1014 [1996]). In any event, the purportedly new evidence would not have altered the initial determination on that issue. The court properly granted reargument to allow nominal damages, and appropriately referred the issue to a referee.

Finally, the trial court did not abuse its discretion in denying defendants' motion for leave to amend the answer to supplement the claimed breaches of confidentiality. Defendants failed to establish that the proposed amended pleading was not palpably insufficient or clearly devoid of merit, and not duplicative of dismissed claims (*see Miller v Cohen*, 93 AD3d 424, 425 [1st Dept 2012]).

We have considered defendants' remaining arguments and find them unavailing. Concur—Tom, J.P., Catterson, Richter, Abdus-Salaam and Román, JJ.

---

The decision and order of this Court entered herein on May 22, 2012 (95 AD3d 662 [2012]) is hereby recalled and vacated (*see* 2012 NY Slip Op 90785[U] [2012] [decided simultaneously herewith]).