(March 12, 2015)

■ EXCELSIOR 57TH CORP., Respondent-Appellant/Respondent, v EXCEL ASSOCIATES, Appellant-Respondent/Appellant. (And a Third-Party Action.) [5 NYS3d 400]—

Order and judgment (one paper), Supreme Court, New York County (George J. Silver, J.), entered November 4, 2013, which, to the extent appealed from as limited by the briefs, granted plaintiff landlord's motion for summary judgment on its causes of action and declared that defendant tenant is responsible, at

its sole cost and expense, for structural repairs to the parking garage at issue, and denied defendant's cross motion for summary judgment dismissing the complaint, unanimously modified, on the law, to deny plaintiff's motion and vacate the declaration, and otherwise affirmed, without costs. Order, same court and Justice, entered on or about July 10, 2014, which, among other things, granted defendant's motion to renew, unanimously reversed, on the law, without costs, and the motion denied.

This appeal calls for an interpretation of a lease provision that obligates defendant to "make all non-structural repairs to and upon the demised premises, and all structural repairs thereto which are caused by the negligence of the Tenant, Tenant's sub-tenant or any of its servants, employees or agents." The focal issue before us is whether, under the foregoing lease provision, defendant is required to bear the cost of repairs that consist of the restoration of spalled concrete on floor slabs located within the interior of the garage, the replacement of certain steel reinforcing bars within the interior floor slabs, and the coating of the restored concrete with a weight-bearing waterproof membrane to prevent moisture and salt from again penetrating the surface. The motion court erred in finding that defendant breached its maintenance obligation by failing to install a membrane system. Contrary to the motion court's finding, such an installation is an improvement to the garage, rather than a non-structural repair or part of the simple or routine upkeep and maintenance required of the tenant under the lease (see generally Matter of Ally & Gargano v Biderman, 126 AD2d 354, 360 [1st Dept 1987], lv denied 70 NY2d 601 [1987]). The court, however, correctly found that the remaining contemplated repairs to the concrete slab are structural in nature. Nevertheless, neither party is entitled to summary judgment, as issues of fact exist as to whether defendant or its sublessee was negligent and, if so, whether such negligence necessitated the aforementioned structural repairs. We find that the motion court improvidently granted defendant's motion to renew on the basis of an estoppel certificate. Defendant has not demonstrated a reasonable excuse for not presenting the estoppel certificate earlier (see Sullivan v Harnisch, 100 AD3d 513, 514 [1st Dept 2012]). Defendant has made no showing that the estoppel certificate, which was kept in its files, could not have been found by the use of due diligence (see Haussmann v Wolf, 187 AD2d 371, 373 [1st Dept 1992]).

We have considered the parties' remaining contentions and

find them unavailing. Concur—Gonzalez, P.J., Mazzarelli, Acosta, Moskowitz and DeGrasse, JJ.