■ CAMBRIDGE CAPITAL REAL ESTATE INVESTMENTS, LLC, Respondent-Appellant, v ARCHSTONE ENTERPRISE LP et al., Appellants-Respondents, et al., Defendants. [28 NYS3d 33]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered October 10, 2014, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the causes of action for breach of contract for failing to obtain authorization and breach of the implied covenant of good faith and fair dealing, and denied defendants' motion to dismiss the causes of action for breach of contract with regard to the sale transaction, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and an accounting, unanimously modified, on the law, to dismiss the causes of action for breach of contract with regard to the sale transaction, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and an accounting, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint.

In October 2007, plaintiff invested $20 million in Archstone Multifamily JV LP (the Fund), in exchange for an approximate 1% interest. Defendant Archstone Multifamily GP, LLC is the general partner of the Fund (Fund GP). The Fund acquired and took private what is now known as Archstone Enterprise LP (Archstone). Archstone controls the assets of Archstone-Smith Real Estate Investment Trust (REIT), one of the largest multi-family REITs in the United States, with assets valued at approximately $23.7 billion. Lehman Bros. Holding, Inc. and affiliates were sponsors of the transaction, providing $3 billion in secured financing, or 47% of the total. (Bank of America and

Barclay's provided 28% and 25% of the remaining financing, respectively.) Less than a year later, on September 15, 2008, Lehman entered into bankruptcy.

In January 2009, the sponsors committed an additional $485 million in financing to Archstone. On March 31, 2009, the original limited partnership agreement was amended and restated in its entirety. On December 1, 2010, the sponsors exchanged approximately $5.2 billion in debt, plus accrued interest, for new preferred equity interests in Archstone. The recapitalization left Archstone with two classes of interests, the preferred interests held by the sponsors, and the common interest held by the Fund (and thus indirectly by plaintiff).

On January 20, 2012, Lehman acquired half of the other sponsors' interests in Archstone for $1.33 billion. On June 6, 2012 it purchased the remaining interests of the sponsors for $1.65 billion. Upon consummation of the second acquisition, Lehman owned nearly all of Archstone.

On November 26, 2012, Lehman announced that it had entered into an asset purchase agreement whereby Archstone would sell its assets to Equity Residential and AvalonBay Communities, Inc. for $2.7 billion in cash, $3.8 billion in stock, and the assumption of $9.5 billion in debt. Plaintiff alleges that the sale will generate enough to pay Lehman's preferred interests, but "essentially wipe out" the minority interests. Plaintiff alleges that the sale is motivated by Lehman's desire to pay its creditors and satisfy obligations relating to its 2008 bankruptcy.

Plaintiff alleges that it became aware of the transaction on November 27, 2012, after it was publicly announced. The transaction closed on February 27, 2013.

In or about December 2012, plaintiff commenced this action alleging, inter alia, breach of the limited partnership agreement, breach of the implied covenant of good faith and fair dealing, and breach of fiduciary duty as against the fund's general partner; aiding and abetting breach of fiduciary duty as against the other defendants; and fraud and conversion as against all defendants. Plaintiff alleged that Lehman and related entities sold their most valuable real estate assets, i.e., the Archstone portfolio of properties, in a process and at a price "grossly unfair" to plaintiff minority limited partner investor. Plaintiff alleges that the portfolio sale was undertaken solely for the benefit of Lehman and its creditors and in disregard of the rights of the minority investors.

The motion court dismissed the first cause of action for breach of contract in part as time-barred under the Colorado statute of limitations. The court declined to dismiss the claim

to the extent premised on section 6.01 (e) and (g) of the amended limited partnership agreement (LPA). The court declined to dismiss the breach of fiduciary duty claims against the Fund GP or plaintiff's aiding and abetting allegations (other than against defendants Fitts and Thomas), reasoning that applicability of the exculpatory provision in the amended LPA awaited development of the factual record.[1]

We now modify to dismiss the remaining causes of action. The motion court correctly dismissed the breach of contract action as time-barred to the extent predicated on allegations concerning the original LPA. The claim, however, should be dismissed in its entirety. Section 6.01 (e) does not require "delivery of a written notice" to all limited partners; it requires merely that a "Major Decision" be "approved (or deemed approved) by a Requisite Interest of the Limited Partners," defined elsewhere in the agreements as limited partners holding more than 50% of the total percentage interest represented by the limited partners. Section 6.01 (g) similarly does not require delivery of a written notice. Rather, it provides that whenever the consent of the partners is requested with respect to a "Major Decision," consent shall be deemed to have been given if such partner fails to respond within 10 days. Here, the transaction was overwhelmingly approved by 99% of all partnership interests. Plaintiff's consent was not requested nor required for approval of the transaction.

The motion court properly dismissed the second cause of action for breach of the implied covenant of good faith and fair dealing as there is an express contract addressing the issue in dispute, i.e., whether the transaction required limited partner approval.

The claim that the Fund GP breached its fiduciary duty when it amended the original LPA without consent is time-barred pursuant to the three-year statute of limitations for claims of breach of fiduciary duty (10 Del Code Ann § 8106).

The motion court should have dismissed the remainder of the claim for breach of fiduciary duty against the Fund GP. Even under the heightened entire fairness standard advocated by plaintiff, the claim is insufficient. An "entire fairness" analysis focuses on two entwined considerations: fair dealing and fair price (*see In re Crimson Exploration Inc. Stockholder Litig.*, 2014 WL 5449419, *9, 2014 Del Ch LEXIS 213, *30 [Oct. 24, 2014, No. 8541-VCP]). Plaintiff fails to allege facts

---

1. The court granted the motion to dismiss the fifth cause of action for conversion and the sixth cause of action for fraud. Plaintiff's brief does not address the dismissal of those claims.

demonstrating the absence of fairness, or that it did not "receive the substantial equivalent in value of what [it] had before" (*In re Trados Shareholder Litig.*, 73 A3d 17, 76 [Del Ch 2013] [directors did not breach their fiduciary duties by approving merger in which the common shares received nothing since the common shares, which had no economic value before the merger, received the substantial equivalent of what they had before]). Conclusory assertions that amounts paid were "unfair" are insufficient (*see Monroe County Employees' Retire. Sys. v Carlson*, 2010 WL 2376890, *2, 2010 Del Ch LEXIS 132, *4-5 [June 7, 2010, No. 4587-CC]). Plaintiff concedes that the $16 billion transaction price attained Archstone's current value at the time of the transaction. Plaintiff also admits that the transaction "represented a premium of approximately 15% over the implied purchase price of Lehman's combined acquisitions of the interests of the other [s]ponsor [b]anks' interests earlier in 2012." Plaintiff identifies no alternative transactions, let alone one that would have achieved more value for the Fund. Fiduciaries are "not required to abandon [a] transaction simply because a better deal *might* have become available in the future" (*McGowan v Ferro*, 859 A2d 1012, 1035 [Del Ch 2004], *affd* 873 A2d 1099 [Del 2005]).

Plaintiff's allegations that the Fund GP "failed to engage in any reasonable alternative analysis to ensure the protection of the Fund's assets"[2] are predicated on alleged breaches of the duty of care (as opposed to breaches of the duty of loyalty), and thus barred by the exculpatory provision in the amended LPA (*see* 6 Del Code Ann § 17-1101 [d]).

As the complaint fails to state a cause of action for breach of fiduciary duty, the claim for aiding and abetting a breach of fiduciary duty must also be dismissed (*Malpiede v Townson*, 780 A2d 1075, 1096, 1098 [Del 2001]).

The cause of action for an accounting is in fact a remedy pleaded as a cause of action. Since the underlying causes of action are dismissed, the claim for an accounting must be dismissed as well (*see MCG Capital Corp. v Maginn*, 2010 WL 1782271, *25, 2010 Del Ch LEXIS 87, *93-94 [May 5, 2010, No. 4521-CC]).

We have considered and rejected plaintiff's additional arguments. Concur—Sweeny, J.P., Renwick, Manzanet-Daniels and Kapnick, JJ.

---

2. Plaintiff does not specify the results such an analysis might have generated. Plaintiff concedes that the Fund GP considered an initial public offering of Archstone, and does not allege that the IPO would have offered more value to the limited partners.