Parkside Group, Petitioner-Landlord-Appellant, against
against
Howard Leader and Angie Leader, Respondents-Tenants-Respondents, -and- "John Doe" and "Jane Doe," Respondents-Undertenants.
 Parkside Group, Petitioner-Landlord-Appellant, Howard Leader and Angie Leader, Respondents-Tenants-Respondents, -and- "John Doe" and "Jane Doe," Respondents-Undertenants.



In consolidated appeals, landlord, as limited by its briefs, appeals from (1) a final judgment of the Civil Court of the City of New York, New York County (Sabrina B. Kraus, J.), entered on or about November 30, 2015, after a nonjury trial, which dismissed the petition in a nonpayment summary proceeding, (2) an order (same court and Judge), dated September 23, 2016, which denied landlord's posttrial motion to vacate the final judgment on the grounds of newly discovered evidence, (3) an order of the same court (Jack Stoller, J.), entered March 28, 2016, which granted tenants' motion for summary judgment dismissing the petition in a holdover summary proceeding and denied landlord's cross motion for summary judgment of possession, [*2](4) an order (same court and Judge), entered October 13, 2016, which denied landlord's motion to renew the order of March 28, 2016.




Per Curiam.
Final judgment and order (Sabrina B. Kraus, J.), entered, respectively, on or about November 30, 2015 and September 23, 2016, affirmed, with one bill of $25 costs. Orders (Jack Stoller, J.), entered, respectively, March 28, 2016 and October 13, 2016, affirmed, without costs.
Civil Court properly considered events beyond the four-year statute of limitations to determine whether the apartment is rent regulated (see East W. Renovating Co. v New York State Div. of Hous. & Community Renewal, 16 AD3d 166 [2005]). "[A] tenant should be able to challenge the deregulated status of an apartment at any time during the tenancy" (Gersten v 56 7th Ave. LLC, 88 AD3d 189, 199 [2011]). 
We agree that landlord failed to establish that expenditures for individual apartment improvements (IAIs) in the year prior to the high rent vacancy justified the $927.75 increase in the rent. The record shows, and the trial court found, that landlord failed to submit adequate documentation of its claimed improvements, or witness testimony that demonstrated the nature and scope of the work performed (cf. Jemrock Realty Co. LLC v Krugman, 72 AD3d 438 [2010], lv dismissed 15 NY3d 866 [2010]; see Matter of Sohn v New York State Div. Of Hous. & Community Renewal, 258 AD2d 384 [1999]). 
The court's dismissal of the nonpayment petition "without prejudice" merely preserved landlord's right to maintain a second nonpayment proceeding that properly alleged the rent regulatory status of the apartment. Since the subsequent holdover petition commenced by landlord asserted the identical issue based on the identical facts as the prior nonpayment proceeding - i.e., that the apartment was not subject to rent regulation - and landlord had a full opportunity to litigate that issue in the nonpayment proceeding, the doctrine of collateral estoppel barred landlord from prosecuting its free-market lease expiration claim in the holdover proceeding (see Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349-350 [1999]). In any event, even assuming that the dismissal of the nonpayment proceeding did not collaterally estop landlord from relitigating the issue, the court in the holdover proceeding properly determined that landlord's submissions in that latter proceeding similarly failed to establish that the apartment was exempt from rent regulation.
Landlord's motion seeking a new trial of the nonpayment proceeding on the basis of purportedly newly discovered evidence (see CPLR 5015[a][2]) was properly denied, because it failed to demonstrate that its new evidence of the extent and cost of IAIs, which landlord proffered for the first time approximately seven months after trial, could not have been discovered with due diligence prior to the conclusion of the trial (see Bongiasca v Bongiasca, 289 AD2d 121, 122 [2001]; Olwine, Connelly, Chase, O'Donnell & Weyher v Valsan, Inc., 226 AD2d 102, 103 [1996]). Indeed, such evidence was admittedly contained in boxes in the basement storage area of the subject eight-unit building, and under the control of the building superintendent, who was also one of the partners of landlord-appellant and who, himself, performed "some of the work done to [the subject apartment] in 1993 and 1994."
Nor was there any improvident exercise its discretion in the denial of landlords' motion for renewal in the holdover proceeding, since landlord did not offer a reasonable justification for its failure to submit the purportedly new IAI evidence either in opposition to tenant's summary [*3]judgment motion or in support of landlords' initial cross motion for summary judgment (see CPLR 2221[e][3]; see generally Excelsior 57th Corp. v Excel Assoc., 126 AD3d 479 [2015]; Matter of Mouawad, 61 AD3d 1169 [2009]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: February 28, 2018