Arena v Shaw (2020 NY Slip Op 00050)





Arena v Shaw


2020 NY Slip Op 00050


Decided on January 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 2, 2020

Richter, J.P., Gische, Mazzarelli, Gesmer, JJ.


10693N 850095/17

[*1] Gianfranco Arena, etc., Plaintiff-Respondent,
v
Lester Noah Shaw, M.D., Defendant-Appellant.


Mauro Lilling Naparty LLP, Woodbury (Caryn L. Lilling of counsel), for appellant.
Goldstein & Goldstein, P.C., Brooklyn (Cindy A. Moonsammy of counsel), for respondent.



Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered on or about June 6, 2018, which granted plaintiffs' motion to renew and, upon renewal, denied defendant's motion to compel discovery, unanimously reversed, on the law, without costs, and the motion to renew denied.
Plaintiff's motion to renew should have been denied because it was not "based upon new facts not offered on the prior motion" and did not "contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][2], [3]; Sullivan v Harnisch, 100 AD3d 513, 514 [1st Dept 2012]). Plaintiff's claimed ignorance of a confidentiality order entered for his benefit in a related case raising identical issues (the New Jersey Action) does not constitute reasonable justification.
In any event, the motion should have been denied on the merits. The decedent's mental state preceding her death and the degree to which her psychological injuries were associated with defendant's alleged psychiatric malpractice were the primary issues in the New Jersey Action, just as they are the primary issue in this action. Plaintiff waived the confidentiality of the documents produced in the New Jersey Action by bringing this action against defendant and alleging a nearly identical theory of causation for the decedent's suicide (see Velez v Daar, 41 AD3d 164 [1st Dept 2007]). He cannot credibly argue that the decedent's mental state is not relevant in this action, which necessarily implicates the decedent's mental state before and during defendant's treatment of her and the contributing factors that may have played a role in her suicide. The documents produced in the New Jersey Action, which include sensitive financial records, are also relevant to the issue of damages (see Fell v Presbyterian Hosp. in City of N.Y. at Columbia-Presbyt. Med. Ctr., 98 AD2d 624, 625 [1st Dept 1983]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 2, 2020
CLERK