Marcum LLP v L'Abbate, Balkan, Colavita & Contini, L.L.P. (2023 NY Slip Op 06443)

Marcum LLP v L'Abbate, Balkan, Colavita & Contini, L.L.P.

2023 NY Slip Op 06443

Decided on December 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 14, 2023

Before: Kapnick, J.P., Friedman, González, O'Neill Levy, JJ. 

Index No. 151586/21 Appeal No. 1213 Case No. 2023-00395 

[*1]Marcum LLP, Plaintiff-Appellant-Respondent,
v
L'Abbate, Balkan, Colavita & Contini, L.L.P., Defendant-Respondent-Appellant, Marianne S. Conklin, Defendant-Respondent.

Smith, Gambrell & Russell, Chicago, IL (Matthew J. O'Hara of the bar of the State of Illinois, admitted pro hac vice, of counsel), for appellant-respondent.
Furman Kornfeld & Brennan LLP, New York (A. Michael Furman and Benjamin M. Oxenburg of counsel), for respondent-appellant/respondent.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered on or about December 8, 2022, which, to the extent appealed from, granted in part and denied in part defendants' motion to dismiss the complaint, unanimously modified, on the law, to grant the motion in its entirety, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint.
Supreme Court correctly concluded that defendants, L'Abbate, Balkan, Colavita & Contini, L.L.P. (LBCC) and Marianne S. Conklin, who represented plaintiff in an underlying action alleging accounting malpractice, among other things, were entitled to dismissal of the complaint given that plaintiff failed to allege that defendants were negligent or that they proximately caused any damages (see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007]; Fielding v Kupferman, 65 AD3d 437, 442 [1st Dept 2009]). Plaintiff alleged that in the underlying action, defendants' supplemental discovery production, which included responsive documents that had been inadvertently withheld, such as declarations submitted in connection with a federal investigation into one of plaintiff's clients, precipitated a coverage dispute with its insurers. That dispute led to plaintiff having to retain other coverage counsel and to ultimately contribute to the settlement in the underlying action.
Although plaintiff contends that the declarations were subject to grand jury secrecy rules, plaintiff did not allege that either of the employees who composed the declarations testified before a federal grand jury, or that the declarations were entered into evidence. Thus, the declarations were not subject to the general rule of grand jury secrecy because they were not "evidence actually presented to [the grand jury]" nor "anything that may tend to reveal what transpired before it" (see United States v Eastern Air Lines, Inc., 923 F2d 241, 244 [2d Cir 1991], citing Fed Rules Crim Pro rule 6[e][2]). Accordingly, plaintiff failed to allege that defendants' conduct breached its duty of care.
Even if defendants negligently produced the documents, plaintiff did not adequately allege that defendants' actions were the proximate cause of the claimed damages, including plaintiff's contribution to the settlement and retention of coverage counsel (see Fielding v Kupferman, 65 AD3d at 442). Plaintiff does not dispute that, even if the declarations were subject to privilege or grand jury secrecy rules, defendants would have had to provide notice those documents were being withheld from production because they were responsive (see CPLR 3122[b]). Moreover, plaintiff acknowledged that the insurers were previously aware of the federal investigations into its client and several of plaintiff's employees. Plaintiff's claim rests on the assumption that if defendants had not produced the documents, its adversaries and insurers would not have requested or compelled them, so the insurers would not have initiated [*2]the coverage dispute and would have instead fully funded the settlement. This speculation is insufficient to establish that defendant's malpractice, if any, was a proximate cause of plaintiff's losses (see Brooks v Lewin, 21 AD3d 731, 734-735 [1st Dept 2005], lv denied 6 NY3d 713 [2006]).
Supreme Court also correctly dismissed that part of the legal malpractice claim seeking disgorgement of attorneys' fees paid to LBCC, which is, essentially, a claim for monetary damages in connection with its legal malpractice claim (see Access Point Med., LLC v Mandell, 106 AD3d 40, 44 [1st Dept 2013]). Defendant was not discharged for cause, nor did it charge legal fees for any work associated with the motion practice ensuing from the supplemental disclosures (see Decolator, Cohen & DiPrisco v Lysaght, Lysaght & Kramer, 304 AD2d 86, 91 [1st Dept 2003]). Since the underlying legal malpractice claim is dismissed, the claim for disgorgement must be dismissed as well (see Cambridge Capital Real Estate Invs., LLC v Archstone Enter. LP, 137 AD3d 593, 596 [1st Dept 2016]).
Plaintiff did not establish that it incurred litigation expenses as a result of defendants' conduct to minimize or correct defendants' mistakes (see Rudolf, 8 NY3d at 443), and this portion of the complaint seeking additional damages also should have been dismissed. Plaintiff failed to specifically allege what attorneys' fees, if any, it paid to
co-counsel to remedy any alleged shortcomings by defendants in the wake of the supplementary disclosures and defendants' motion to withdraw from the representation. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 14, 2023