| |
|---|
| **Cantor Fitzgerald, L.P. v SVF Park NY, LLC** |
| 2024 NY Slip Op 34269(U) |
| November 29, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 652535/2024 |
| Judge: Nancy M. Bannon |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. NANCY M. BANNON**
*Justice*

PART **61M**

-----------------------------------------------------------------------------------X

CANTOR FITZGERALD, L.P.,

Plaintiff,

- v -

SVF PARK NEW YORK, LLC, HINES 499 PARK, LLC, and
FIRST FIDUCIARY REALTY ADVISORS, INC. c/o
AMERICAN REALTY ADVISORS,

Defendants.

-----------------------------------------------------------------------------------X

INDEX NO. 652535/2024

MOTION DATE 09/17/2024

MOTION SEQ. NO. 001

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33

were read on this motion to/for                                    DISMISS                                    .

## INTRODUCTION

In this breach of contract action, the three defendants, SVF Park New York, LLC ("SVF"), owner of commercial property located at 499 Park Avenue in Manhattan ("499 Park"), Hines 499 Park LLC ("Hines"), a prior owner, and First Fiduciary Realty Advisors, Inc. c/o American Realty Advisors ("First Fiduciary"), a property manager, move, pre-answer, to dismiss the complaint pursuant to CPLR 3211(a)(1) and (a)(7). The plaintiff tenant, Cantor Fitzgerald, L.P. ("Cantor"), which alleges, in essence, that the defendants breached the lease by unreasonably withholding approval of its plans to alter the premises, opposes the motion. The motion is granted in part.

## BACKGROUND

The facts herein are taken from the complaint and certain documentary evidence submitted by SVF and are undisputed except where indicated. The action arises out of a commercial lease for office space at 499 Park, dated May 13, 2005 (the "Lease"), and amendments thereto. In addition to leasing office space at 499 Park, Cantor is a tenant at the adjacent building, 110 East 59th Street. Because Cantor has constructed multiple passageways between its offices in 499 Park and 110 East 59th Street, SVF and Cantor also have tri-partite agreements with non-party Tenber Associates, owner of the 110 East 59th Street property.

652535/2024   CANTOR FITZGERLD, L.P. vs. SVF PARK NEW YORK, LLC ET AL
Motion No. 001

Page 1 of 8

1 of 8

[* 1]

Cantor's right to make alterations was initially governed by Section 7.2(A) of the Lease, which provided, in pertinent part, that SVF "shall not unreasonably …withhold, condition or delay its consent to any proposed Alteration, provided that such Alteration ... (ii) does not affect adversely any part of the Building other than the Premises, [and] (iii) does not require any alterations ... to any portion of the Building other than the Premises to more than a *de minimis* extent …" The Lease did not define what would constitute either an "adverse[]" effect on the building or a *de minimis* alteration. The Lease has been amended six times.

The instant motion concerns the Fourth Lease Amendment, dated December 17, 2019 (the "Fourth Amendment"), which expressly grants Cantor the right to build a passageway between the fifth floor of 499 Park and the sixth floor of 110 East 59th Street (the "Passageway"), subject to several conditions. Pursuant to Section 13 of the Fourth Amendment, those conditions include:

> (i) the plans and specifications for any such penetration … shall be subject to [SVF's] approval, which *approval shall not be unreasonably withheld*, conditioned or delayed (it being acknowledged that any disapprovals or revisions made by [SVF] in good faith as a result of any potential impacts on the Building structure or systems shall be deemed reasonable) … (iii) no *structural modifications* to the Building shall be permitted without [SVF's] prior written consent, which may be withheld in [SVF's] sole and absolute discretion. [emphasis added]

The Fourth Amendment does not explicitly define "structural modifications." Separately, Section 7 of the Fourth Amendment granted Cantor the option to terminate the Lease with respect to the entire portion of the premises located on the sixth floor (the "Give-Back Right"). By notice to SVF, Cantor exercised the Give-Back Right on April 15, 2020.

On September 11, 2023, Cantor requested that SVF approve plans to build the Passageway. In its message to SVF, Cantor indicated it would follow up with "construction and structural engineering plans for review and approval." Cantor's request included construction plans requiring, *inter alia*, a hole to be cut through the concrete slab constituting the sixth floor and the installation of a "three step down staircase" to access the mechanical room and fire stairs on the sixth floor, which would reduce the sixth floor elevator lobby by a few cubic feet. SVF refused to approve Cantor's proposal. The parties then engaged in unsuccessful negotiations, which Cantor alleges amounted to SVF trying to "extract additional rent from [Cantor] or create leverage to lease additional space in [499 Park]."

**652535/2024   CANTOR FITZGERLD, L.P. vs. SVF PARK NEW YORK, LLC ET AL**
**Motion No.  001**

**Page 2 of 8**

2 of 8

[* 2]

Cantor commenced this action in May 2024, asserting causes of action for: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, and (3) specific performance. In addition to SVF, Cantor joined property managers Hines and First Fiduciary as defendants. The complaint alleges the Passageway would not impact 499 Park's water, electrical and other systems or the useable office space on the sixth floor, nor would it otherwise disrupt the elevator lobby on the sixth floor. Cantor generally alleges SVF had no reasonable basis to withhold or condition its approval of the Passageway, and its refusal constituted a breach of contract. The defendants responded to the complaint by the instant motion to dismiss.

DISCUSSION

When assessing the adequacy of a pleading in the context of a motion to dismiss under CPLR 3211(a)(7), the court's role is "to determine whether [the] pleadings state a cause of action." 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 151-52 (2002). To determine whether a cause of action is adequately stated, the court must "liberally construe" the pleading, accept the facts alleged in it as true, accord it "the benefit of every possible favorable inference," and determine only whether the facts as alleged fit within any cognizable legal theory. Id. at 152; see Romanello v Intesa Sanpaolo, S.p.A., 22 NY3d 881 (2013); Simkin v Blank, 19 NY3d 46 (2012); Hurrell-Harring v State of New York, 15 NY3d 8 (2010); Leon v Martinez, 84 NY2d 83 (1994).

Dismissal pursuant to CPLR 3211(a)(1) is warranted only when the documentary evidence submitted "resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim" (Fortis Financial Services, LLC v Fimat Futures USA, 290 AD2d 383, 383 [1st Dept. 2002]) or establishes a defense as a matter of law. See Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 (2002); Amsterdam Hospitality Group, LLC v Marshall-Alan Assoc., Inc., 120 AD3d 431 (1st Dept. 2014). A particular paper will qualify as "documentary evidence" only if it satisfies the following criteria: (1) it is "unambiguous"; (2) it is of "undisputed authenticity"; and (3) its contents are "essentially undeniable." See VXI Lux Holdco S.A.R.L. v SIC Holdings, LLC, 171 AD3d 189 (1st Dept. 2019).

A. First Cause of Action: Breach of Contract

SVF has not demonstrated entitlement to dismissal of the breach of contract cause of action. The elements of a cause of action for breach of contract are (i) the existence of a contract, (ii) the plaintiff's performance under the contract, (iii) the defendant's breach of that contract, and (iv) resulting damages. See Second Source Funding, LLC v Yellowstone Capital,

**652535/2024   CANTOR FITZGERLD, L.P. vs. SVF PARK NEW YORK, LLC ET AL**
**Motion No.  001**

Page 3 of 8

[* 3]

LLC, 144 AD3d 445 (1st Dept. 2016); Harris v Seward Park Housing Corp., 79 AD3d 425 (1st Dept. 2010). Construed liberally, the complaint sufficiently alleges the existence of a contract, consisting of the Lease and the Fourth Amendment, Cantor's performance thereunder, in that it did not breach the lease, SVF's breach of the Fourth Amendment by unreasonably withholding or conditioning its approval of the Passageway, and resulting money damages to Cantor. See id. Therefore, dismissal of this cause of action pursuant to CPLR 3211(a)(7) is not warranted.

Dismissal of the breach of contract cause of action is likewise unwarranted under CPLR 3211(a)(1), as SVF's proffered documentary evidence does not resolve all factual issues as a matter of law, conclusively disposing of Cantor's breach of contract claim. See Fortis Financial Services, LLC v Fimat Futures USA, supra. SVF submits, inter alia, (1) the Lease; (2) the Fourth Amendment; (3) Cantor's email, dated September 11, 2023, containing its construction plans and making reference to forthcoming structural engineering plans; and (4) Cantor's notice exercising the Give-Back Right, dated April 15, 2020. For the reasons discussed below, these submissions do not utterly refute Cantor's factual allegations or otherwise conclusively establish a defense to the breach of contract claim as a matter of law. See Goshen v Mutual Life Ins. Co. of N.Y., supra; Fortis Financial Services, LLC v Fimat Futures USA, supra.

SVF contends it was entitled, in its sole discretion, to reject Cantor's proposal pursuant to Section 13(iii) of the Fourth Amendment because, as purportedly demonstrated by Cantor's construction plan and its statement that "structural engineering plans" would be forthcoming, Cantor's proposed work entailed a "structural modification." However, neither Cantor's construction plan nor its statement regarding forthcoming structural engineering plans utterly refute the complaint's allegation that the "Passageway would not impact the structure" of 499 Park. See Goshen v Mutual Life Ins. Co. of N.Y., supra.

As noted, the Fourth Amendment does not define what constitutes a "structural modification." As such, SVF's submission of Cantor's construction plan does not conclusively establish that Cantor's proposed work constituted a "structural modification" within the meaning of the Fourth Amendment. For the same reason, the court cannot infer from Cantor's statement regarding forthcoming "structural engineering" plans that Cantor was proposing a "structural modification." Indeed, in considering the present motion, the court must accord Cantor's factual allegations "the benefit of every possible favorable inference" (see Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v Matthew Bender & Co., 37 NY3d 169, 175 [2021]), and Cantor expressly alleges that its proposed work "would not impact the structure" of 499 Park.

652535/2024   CANTOR FITZGERLD, L.P. vs. SVF PARK NEW YORK, LLC ET AL          Page 4 of 8
Motion No.  001

4 of 8

Therefore, neither of these submissions conclusively establish, as a matter of law, that Cantor's proposal for construction of the Passageway involved a "structural modification" within the meaning of Section 13(iii) of the Fourth Amendment. See Goshen v Mutual Life Ins. Co. of N.Y., supra; Fortis Financial Services, LLC v Fimat Futures USA, supra.

Nor does SVF cite persuasive authority to conclusively establish, as a matter of law, that Cantor's proposed demolition of a portion of the concrete floor slab in the sixth-floor elevator lobby would constitute "structural" work. SVF's reliance on Excelsior 57th Corp. v Excel Assoc., 126 AD3d 479 (1st Dept. 2015), is misplaced, as the holding in that case that repair of a concrete floor slab constituted structural work was based on lease terms that, unlike here, expressly defined "structural" work to include such repairs.

SVF next argues that its rejection of Cantor's construction plan was "*per se* reasonable" because Cantor's proposal would impact the sixth-floor premises, which Cantor had previously surrendered to SVF by exercising its Give-Back Right. However, SVF does not identify any provision in the Fourth Amendment stating that its obligation not to unreasonably withhold approval of Cantor's plans does not apply to construction plans that would impact portions of the building other than Cantor's premises, or that its rejection of such plans must be deemed reasonable *per se*. As such, SVF's submissions do not conclusively demonstrate that its rejection of Cantor's construction plan was reasonable as a matter of law based on Cantor's prior surrender of a portion of the premises. See Pilipovic v Laight Coop. Corp., 137 AD3d 710, 711 (1st Dept. 2016); see also Goshen v Mutual Life Ins. Co. of N.Y., supra. [1] Moreover, the issue of reasonableness of withholding consent is generally for the jury. See Schefler v Livestock & Cas. Ins. Co., 44 AD2d at 811 (1st Dept. 1974). (reasonableness of withholding

---

[1] In its reply memorandum of law, SVF similarly argues that, pursuant to Section 7.2(A) of the Lease, its obligation not to unreasonably withhold consent did not apply to Cantor's proposal because Cantor's construction plan would impact a portion of the building other than its own premises. This argument will not be considered by the court as it is raised for the first time in reply. See Sherman v Zampella, 214 AD3d 545 (1st Dept. 2023); Inymac Bank, F.SB. v Baroi, 214 AD3d 414 (1st Dept. 2023); Schirmer v Athena-Liberty Lofts, LP, 48 AD3d 223 (1st Dept. 2008). In any event, the argument is unavailing as the Lease does not define what constitutes either an "adverse[]" effect on the building or a *de minimis* alteration. As such, SVF's submissions do not conclusively establish as a matter of law that Cantor's proposed alteration to the sixth-floor elevator lobby would be more than *de minimis*, or that it would have an "adverse" effect so as to justify SVF's refusal to approve it. Those are factual questions that may be addressed later in the litigation.

**652535/2024   CANTOR FITZGERLD, L.P. vs. SVF PARK NEW YORK, LLC ET AL**                    **Page 5 of 8**
**Motion No.  001**

5 of 8

[* 5]

insurer's consent); see Natl. Interstate. Ins. Co. v Interstate Indem. Co., 215 AD3d 593 (1st Dept. 2023) (reasonableness of a claim delay is a factual issue for a jury).

Finally, any argument by SVF that its rejection of Cantor's plan must be deemed reasonable pursuant to Section 13(i) of the Fourth Amendment because the plan would impact "the Building structure or systems" is also unavailing. The complaint alleges that Cantor's plans would not impact 499 Park's systems or the useable office space on the sixth floor, nor would they otherwise disrupt the elevator lobby on the sixth floor. SVF's submissions do not utterly refute these allegations. See Goshen v Mutual Life Ins. Co. of N.Y., supra. While SVF may prevail on this particular argument later in the litigation, it does not render the complaint insufficient for purposes of CPLR 3211(a)(7).[2]

B. Second Cause of Action: Implied Covenant of Good Faith and Fair Dealing

SVF's motion is granted to the extent it seeks dismissal of Cantor's second cause of action for breach of the implied covenant of good faith and fair dealing, as that claim is duplicative of Cantor's breach of contract cause of action. Both claims arise from the same operative facts and SVF's contractual obligation not to unreasonably withhold approval of Cantor's plans. It is well settled that "New York … does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled." Harris v Provident Life and Acc. Ins. Co., 310 F3d 73, 81 (2nd Cir. 2002); see Berkeley Research Group, LLC v FTI Consulting, Inc., 157 AD3d 486 (1st Dept. 2018); Cambridge Capital Real Estate Invest., LLC v Archstone Enterp. LP, 137 AD3d 593 (1st Dept. 2016). That is because "implicit in all contracts is a covenant of good faith and fair dealing in the course of contract performance." Dalton v Educational Testing Serv., 87 NY2d 384, 389 (1995); see 511 W. 232nd Owners Corp. v Jennifer Realty, Co., 98 NY2d 144 (2002). Stated otherwise, "a breach of the covenant of good faith and fair dealing is a breach of the contract itself" (Parlux v Carter Enterp., LLC, 204 AD3d 72, 92 [1st Dept. 2022]) such that a breach of the implied covenant of good faith and fair dealing claim must be

---

[2] Even assuming, arguendo, that Cantor's plan would impact "the Building structure or systems," Section 13(i) requires that SVF act in good faith in rejecting such a plan. Cantor avers, however, that SVF was not acting in good faith but was attempting to leverage its rejection of the proposed construction plan to "extract additional rent from [Cantor]" or coerce Cantor into leasing additional space in 499 Park. Notably, SVF does not refute this allegation of bad faith in its submissions.

652535/2024   CANTOR FITZGERLD, L.P. vs. SVF PARK NEW YORK, LLC ET AL                    Page 6 of 8
Motion No.  001

6 of 8

[* 6]

dismissed as duplicative if it arises out of the same facts as a breach of contract claim. See BML Props. Ltd. v China Constr. Am., Inc., 226 AD3d 582, 584 (1st Dept. 2024); MDRN Intelligence Living Wolfhome v Hartford Fin. Svcs. Group, Inc., 216 AD3d 409 (1st Dept. 2023).

C. Third Cause of Action: Specific Performance

SVF's motion is granted to the extent it seeks dismissal of Cantor's third cause of action for specific performance because "it is an equitable remedy for a breach of contract' rather than a separate cause of action." Warberg Opp. Trading Fund, L.P. v GeoResources, Inc., 112 AD3d 78, 86 (1st Dept. 2013) quoting Cho v 401-403 57th St. Realty Corp., 300 AD2d 174, 175 (1st Dept. 2002). Moreover, it is well settled that "parties are bound to the terms of their contracts, including their remedies" (301 East 60th Street LLC v Competitive Solutions LLC, 217 AD3d 79, 84 [1st Dept. 2023]) and "there is no automatic contractual right to specific performance." Warberg Opp. Trading Fund, L.P. v GeoResources, Inc., supra at 86. Cantor identifies no contractual provision which includes specific performance as a remedy upon SVF's refusal to approve. Compare Devash LLC v German Am. Capital Corp., 104 AD3d 71 (1st Dept. 2013) (no money damages available where parties' contract limited plaintiff's remedies to injunctive or declaratory relief); Banc of Am. Sec. LLC v Solow Bldg. Co. II, LLC, 47 AD3d 239 (1st Dept. 2007) (contract expressly provided specific performance as sole remedy for landlord's unreasonable withholding of consent to alterations). Nonetheless, as observed by the court in Warberg Opp. Trading Fund, L.P. v GeoResources, Inc., supra at 86-87, "[a] plea for specific performance should not be dismissed due to the improper characterization of a type of relief as a cause of action." Rather, the availability of that remedy "is a matter that should be determined by the trial court on a fuller record, not on a motion to dismiss." Id. Therefore, while the third cause of action is dismissed, the dismissal is without prejudice for Cantor to seek specific performance as a remedy, in addition to money or other damages, should it ultimately prevail on the issue of liability on its breach of contract claim.

D. Dismissal of the Complaint as Against Hines and First Fiduciary

SVF's motion is granted to the extent it seeks dismissal of the complaint in its entirety as against Hines and First Fiduciary. While Hines signed the Lease and the first three amendments, there is no dispute that neither Hines nor First Fiduciary is a signatory to the Fourth Amendment in 2019. Indeed, SVF submits documentary proof showing that Hines dissolved years before in 2014, and that First Fiduciary signed solely on SVF's behalf, as SVF's property manager, and not in any other capacity. Moreover, Cantor does not oppose this branch of SVF's motion and, as such, it is deemed to have abandoned its claims against Hines and

**652535/2024   CANTOR FITZGERLD, L.P. vs. SVF PARK NEW YORK, LLC ET AL**
**Motion No.  001**

Page 7 of 8

7 of 8

First Fiduciary. See Ace American Ins. Co. v Cons. Edison Co. of New York, Inc., 231 AD3d 421 (1st Dept. 2024); Ng v NYU Langone Medical Ctr., 157 AD3d 549 (1st Dept. 2018); Saidin v Negron, 136 AD3d 458 (1st Dept. 2016).

CONCLUSION

Accordingly, upon the foregoing papers, it is

ORDERED that the defendants' motion is granted to the extent it seeks dismissal of the second and third causes of action as against all three defendants and dismissal of the entire complaint as against defendants First Fiduciary Realty Advisors, Inc. and Hines 499 Park, LLC, and the motion is otherwise denied; and it is further

ORDERED that the remaining defendant, SVF Park New York, LLC, shall file an answer to the complaint within thirty (30) days of the date of this order; and it is further

ORDERED that the remaining parties shall appear for a preliminary conference on February 13, 2025, at 11:30 a.m., to be held via Teams; and it is further

ORDERED that the Clerk shall mark the file accordingly.

This constitutes the Decision and Order of the court.

_____
NANCY M. BANNON, J.S.C.
**HON. NANCY M. BANNON**

**11/29/2024**
**DATE**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**652535/2024   CANTOR FITZGERLD, L.P. vs. SVF PARK NEW YORK, LLC ET AL**          **Page 8 of 8**
**Motion No.  001**

8 of 8

[* 8]