Vigliano Assoc., Ltd. v Gaines (2025 NY Slip Op 00934)

Vigliano Assoc., Ltd. v Gaines

2025 NY Slip Op 00934

Decided on February 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 18, 2025

Before: Webber, J.P., Friedman, Scarpulla, Rosado, O'Neill Levy, JJ. 

Index No. 654692/22 Appeal No. 3586 Case No. 2024-03925 

[*1]Vigliano Associates, Ltd., Plaintiff-Appellant,
v
Joanna Gaines et al., Defendants-Respondents.

Davidoff Hutcher & Citron LLP, New York (Joshua S. Krakowsky of counsel), for appellant.
Greenberg Traurig, LLP, Boston, MA (Zack C. Kleinsasser of the Commonwealth of Massachusetts, admitted pro hac vice, of counsel), for Joanna Gaines, Chip Gaines, C & J Gaines Limited Co. and Magnolia Brands, LLC, respondents.
Meister Seelig & Fein PLLC, New York (Kevin A. Fritz of counsel), for United Talent Agency, LLC, respondent.

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered June 20, 2024, which granted defendants' motions to dismiss the complaint, unanimously affirmed, without costs.
We need not decide whether plaintiff is an intended third-party beneficiary of the contract between defendant C&J Gaines Limited and nonparty HarperCollins Publisher LLC because plaintiff has failed to show that defendants C&J Gaines Limited, Magnolia Brands, LLC, and Joanna Gaines breached the contract (see e.g. McHale v Anthony, 41 AD3d 265, 266-267 [1st Dept 2007]).
The 2020 amendments to the 2017 contract did not breach section 4(k). Words alone are not enough to establish an agency coupled with an interest; rather, the principal must have an interest in the subject of the agency itself. Plaintiff had no such interest here. Section 4(k) granted plaintiff the right to receive a 7.5% commission in the proceeds from the sale of defendant author's books, but that section did not grant plaintiff a property interest in the books, the subject of the agency. Its agency was therefore revocable (see Peter Lampack Agency, Inc. v Grimes, 29 Misc 3d 1208[A], 2010 NY Slip Op 51749[U], *4 [Sup Ct, NY County 2012], affd 93 AD3d 430 [1st Dept 2012]). Thus, Magnolia did not breach the agreement when it empowered defendant United Talent Agency, LLC (UTA) "to act on [its] behalf in all matters (except receipt of payments due [Magnolia]) arising from and pertaining to th[e 2017] Agreement," as modified by the 2020 amendment. Moreover, that the 2020 amendment changed the number of books from five to four and the author of one of the books from Joanna Gaines to defendant Chip Gaines does not constitute a breach. If Joanna Gaines did not want to write five books, plaintiff could not force her to do so (see American Broadcasting Corp. v Wolf, 52 NY2d 394, 401 [1981]).
The court properly dismissed the second cause of action for tortious interference with contract because, as we have found, there was no breach of contract (see Foster v Churchill, 87 NY2d 744, 749-750 [1996]). Moreover, the economic interest defense applies here because UTA had a managerial contract with Magnolia's principals (the Gainses) at the time it allegedly induced a breach of contract (see Levine v Yokell, 258 AD2d 296, 296 [1st Dept 1999]).
The third cause of action (equitable accounting) fails because, among other things, the substantive claims have been dismissed (see Cambridge Capital Real Estate Invs., LLC v Archstone Enter., LP, 137 AD3d 593, 596 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 18, 2025